UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARIOUS SHAMONE JONES,

    Plaintiff,

v.                                                               Case No. 18-C-1896

MICHAEL HAFEMANN,
MICKENZIE,
SGT. HERNANDEZ,
CO JOHN DOE,
CO JOHN DOE SUPERVISORS, and
CO GRASHAN,

    Defendants.

## SCREENING ORDER

The plaintiff, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints filed by prisoners to confirm that the complaint is not legally "frivolous or malicious" and that it states a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

The court notes that this case is currently assigned to U.S. Magistrate Judge William Duffin. However, until now, the court has not screened the complaint to determine whether it should be served on the defendants, so the defendants have not had the opportunity to decide whether to consent to a magistrate judge hearing and deciding the case. Because *both* parties have not yet consented, the clerk's office referred the case to Judge Pamela Pepper to screen the complaint. The case has since been referred to this court. The court will explain what claims the

plaintiff has stated against which defendants and then will return the case to Judge Duffin for further proceedings.

I.  **Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 3)**

The PLRA allows a court to give a plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). On December 21, 2018, Judge Duffin ordered the plaintiff to pay an initial partial filing fee of $31.80. Dkt. No. 6. The plaintiff paid the fee on January 22, 2019. Accordingly, the court will grant the plaintiff's motion to proceed without prepayment of the filing fee. The plaintiff must pay the remainder of the filing fee in the manner explained at the end of this decision.

II. **Screening the Plaintiff's Complaint**

Under the PLRA, a court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez*

*v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. The Plaintiff's Allegations

The plaintiff alleges that, on October 23, 2018, he was housed in the dorms at the Milwaukee House of Corrections. Dkt. No. 1 at 3. According to the plaintiff, officers searched the dorms and the inmates who were housed there. *Id.* He explains that inmates were taken out in groups of fifteen and then ordered to face the wall, remove their sandals, place their hands against the wall and spread their arms and legs. *Id.* The plaintiff alleges that an unnamed officer told the inmates that they would "be searched in a very uncomfortable way"; he also told them to "just relax" and not to move. *Id.*

The plaintiff asserts that an officer began to search him in a slow, awkward way. *Id.* at 4. He alleges that the officer rubbed his hands through the plaintiff's hair and around his shoulders. *Id.* The officer also allegedly searched his arms, back, and chest in the same "slow uncomfortable manner." *Id.* The plaintiff explains that, when the officer reached his waist line, he pulled his pants and underwear away from his body to shake out potential contraband. *Id.*

The plaintiff asserts that he was feeling uneasy. *Id.* The officer told him not to move and to continue to relax. *Id.* He then allegedly searched the plaintiff's left leg in the same slow manner. *Id.* The plaintiff states that, when the officer made contact with his testicles and penis, he "cuffed, grab[bed] & shaked on [his] penis." *Id.* at 5. The officer then allegedly searched the plaintiff's right leg in the exact same way. *Id.* When the officer allegedly made contact with the plaintiff's testicles and penis, the plaintiff asserts that he again "grabb[ed], cuffed and shook on." *Id.* According to the plaintiff, the officer ended the search by "swip[ing] between" his buttocks. *Id.*

3

The plaintiff explains that, when his search was done, he was ordered to go to the gym to wait for the other searches to be completed. The plaintiff also asserts that an unnamed sergeant ordered that, if any inmate filed a complaint against his officers, they would be put in the cell blocks. *Id.*

*B. The Court's Analysis*

According to the Wisconsin Department of Corrections on-line inmate locator, the plaintiff was paroled on August 22, 2017. *See* STATE OF WISCONSIN DEPARTMENT OF CORRECTIONS, *General Public - Offender Search*, https://appsdoc.wi.gov/lop/home.do (search Darius Jones[1]). About four months later, on December 19, 2018, the DOC learned that the plaintiff was incarcerated at the Milwaukee County Jail/House of Corrections. *Id.* Accordingly, it appears that the plaintiff was a prisoner, rather than a pretrial detainee, on the date of the alleged search. The plaintiff's status as a prisoner is relevant because it determines which Amendment is the source of the plaintiff's rights.

Under the Eighth Amendment, "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (citations omitted). Construing the plaintiff's allegations broadly (as it must at this stage), the court will allow the plaintiff to proceed against the officer who allegedly improperly searched him in violation of the Eighth Amendment.

The plaintiff may not, however, proceed on a claim against the officer under the Prison Rape Elimination Act (PREA) because nothing in the PREA suggests that it was intended to create

---

[1] The plaintiff spells his first name as "Darious" in his complaint; however, the DOC spells his first name as "Darius" and lists "Darious" as an alias.

a private cause of action. *Biese v. Foster*, Case No. 16-cv-359, 2016 WL 1706159, at *3 (E.D. Wis. Apr. 28, 2016). "[W]here the text and structure of a statute provides no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Id.* (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002)).

The court also will not allow the plaintiff to proceed against the sergeant who allegedly threatened to retaliate against anyone who filed a complaint against the officers. To state a claim of retaliation, a plaintiff must allege that he engaged in protected activity that was "at least a motivating factor" in the defendant's retaliatory conduct. *Mays v. Sprinborn*, 575 F.3d 643, 650 (7th Cir. 2009). According to the plaintiff's allegations, the sergeant made the threat immediately after the search, which was before the plaintiff filed his inmate complaint. Thus, the plaintiff fails to state a retaliation claim because (1) the plaintiff had not yet engaged in any protected conduct, and (2) the plaintiff does not allege that the sergeant *actually* retaliated, only that he *threatened* to retaliate. *See Sanders v. Salemi*, Case No. 10-C-7203, 2012 WL 353844, at *4 (N.D. Ill. Feb. 1, 2012).

Finally, the plaintiff fails to state claims against the remaining defendants. The plaintiff's allegations are directed only against the officer and the sergeant (against whom he fails to state a claim). Because the plaintiff does not allege in his complaint what the remaining defendants did or did not do to violate his rights, the plaintiff does not state claims against them.

From the position titles the plaintiff lists in the parties section of his complaint, the court infers that the plaintiff named the remaining defendants because they are employed as supervisors. However, under § 1983, only those individuals who are personally responsible for a constitutional violation will be held liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Because there is

no vicarious or supervisory liability, supervisors will not be liable for the alleged misconduct of their subordinates, employers will not be liable for the alleged misconduct of their employees, and employees will not be liable for the alleged misconduct of their co-workers. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Accordingly, a person's position as a supervisor, on its own, is not enough for a person to be held liable under § 1983.

Because the plaintiff does not know the name of the John Doe officer, the court will leave House of Corrections Superintendent Michael Hafemann as a defendant for the limited purpose of helping the plaintiff learn the officer's name. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). The court will electronically send the plaintiff's complaint and this order to Milwaukee County for service upon Hafemann. Hafemann does not have to respond to the plaintiff's complaint.

After Hafemann's lawyer files an appearance in this case, the plaintiff may serve discovery upon Hafemann (by mailing it to his lawyer at the address in the notice of appearance) to get information that will help him learn the name of the officer. For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Hafemann, the plaintiff's discovery requests must be limited to information or documents that will help him learn the name of the officer. The plaintiff many not ask Hafemann about any other topic, and Hafemann is under no obligation to respond to requests about any other topic.

After the plaintiff learns the name of the officer, he must file a motion to substitute the name in place of the Doe placeholder. Normally, under these circumstances, the court would direct that an amended complaint be filed that properly names the defendant. But given the plaintiff's pro se status and that his pleading provides sufficient notice to the defendant of his alleged

violations, the court will allow the plaintiff to substitute the name of the officer in place of the Doe placeholder rather than filing an amended complaint.

The court will dismiss Hafemann as a defendant once the plaintiff identifies the name of the officer. Once the plaintiff identifies the officer and he has had an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information that he believes he needs to prove his claim.

The plaintiff must identify the name of the officer within sixty days of Hafemann's lawyer filing an appearance in the case. If he does not, or does not explain to the court why he is unable to tell the court the officer's name, the court may dismiss his case based on his failure to diligently pursue it. *See* Civil L.R. 41(c).

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 3.

The court **DISMISSES** Mickenzie, Sgt. Hernandez, CO John Doe Supervisors, and CO Grashman as defendants.

Under an informal service agreement between Milwaukee County and this court, the court **ORDERS** the clerk's office to electronically send copies of the plaintiff's complaint and this order to Milwaukee County for service on defendant Michael Hafemann.

The court **ORDERS** that Hafemann does not have to respond to the plaintiff's complaint; however, he must respond to the plaintiff's discovery requests as described in this order.

The court **ORDERS** the plaintiff to identify the name of the Doe officer within sixty days of Hafemann's lawyer filing a notice of appearance in the case. If he does not or does not explain

to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. *See* Civil L.R. 41(c).

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $318.20 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[2] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court **RETURNS** this case to U.S. Magistrate Judge William Duffin for further proceedings.

Dated at Green Bay, Wisconsin this 19th day of February, 2020.

                                                s/ William C. Griesbach
                                                William C. Griesbach, District Judge
                                                United States District Court